# Rashawn Mcmillan

**From:** JOHNSON LAMONTE (83878053)

**Sent Date:** Sunday, June 26, 2022 7:08 PM

**To:** babyray211@aol.com

**Subject:** INDEPENDENT INVESTIGATION PRIOR TO SENTENCE

RECEIVED JUN 28 2022 PRO SE OFFICE

Lamonte Johnson, 83878-053
Metropolitan Detention Center
P.O.Box# 329002
Brooklyn, New York 11232

June 26, 2022

United States v. Lamonte Johnson
Indictment# 1:19-CR-00221 (s-3)(RJD)

RE: INDEPENDENT & THOROUGH INVESTIGATION
PRIOR TO SENTENCE.

TO:

Hon. Breon S. Peace, United States Attorney
Eastern District of New York
271 Cadman Plaza, East
Brooklyn, New York 11201

Honorable Breon Peace:

    I trust that all is well upon receipt of this letter and formal complaint. I am respectfully seeking your intervention and administrative investigation under Title 7 U.S.C. Section 702 on the above indictment, in which I have been convicted for: 1) Conspiracy to commit Hobbs Act; 2) Hobbs Act Robbery and (3) Possession and brandishing a weapon under section 924 (c), while I was in custody of New York State Prison. I have been convicted less than (1)one month ago Before Honorable Dearie.

    Unfortunately, today make (36) thirty-six years I have been incarcerated for an un-related, Kings County, indictment# 4319-86, in which I have been convicted in 1987 of January. Although I have a "actual innocence" claim to be submitted by counsel shortly; I have decided not to detail such events, but to focus on the above indictment.

    This Complaint and sought out investigation to you, is that the Assigned AUSA's Michael Gibaldi and Jonathan Siegel had deliberately and maliciously manipulated the evidence to make it appear that certain conversations were germane to the above indictment, when in reality they both are well aware that there were no Robberies in which remotely indicated or implied that proceeds in the amount of $120,000 in cash and $50,000 in checks, totaling $170,000, was conspired upon or stolen in any of the Robberies, independently or combined.

    No Government documents, witnesses, complainant's or co-conspirators testified about these subject matters, nor has the Government presented evidence that any of the above monies was stolen, as indicated on the jury instructions regarding count one and two, where the court stated: . . ."LAMONTE JOHNSON, together with others, did knowingly and intentionally commit and threaten physical violence to one or more persons. . . . in furtherance of a plan and purpose to obstruct, delay and affect commerce. . . . by robbery." In count (2) two, it spells out that I actually committed the crime, giving the appearance (to the jury) that I was physically present at the crime scene, when, in reality I was incarcerated at the Auburn Correctional Facility. Words in the second count of the indictment indicated words such as "committed" refers that I was 'merely present' at the crime scene.

    The Government falsely and willfully filed a Duplicity count by adding (4) four offenses to the first count of the indictment, in which they knew were prohibited under Rule 12 (b). These offenses were: Queens County, Suffolk

# Rashawn Mcmillan

---

County, Staten Island and the State of New Jersey, which occurred on separate dates. And, in the (3) third count, I was charged with 18 U.S.C. Section 924 (c) for possession and brandishing, where I had no advanced knowledge under the Rosemond v. United States, theory. Again, these entire (3) three counts on the indictment is a fraud upon the court; see: 18 U.S.C. Section 1001(a)

In fact, the Government's [single] witness never testified that he ever spoke to me or met me prior to this indictment, and specifically testified that he did not know me--at all. The specific "recorded-tape", where the Government used against me at trial, stated that, "I initiated it" the splitting up monies and/or checks. However, that specific conversation had absolutely nothing to do with the above indictment, a crime or an "agreement" to conspire with others in furtherance of a conspiracy to commit a Hobbs Act conspiracy; Hobbs Act Robberies or possession and or brandishing of a weapon. The trickery, fraud upon the court and misconduct perpetrated and displayed at trial by the AUSA's Gibaldi and Siegel was --at best--improprieties, unethical conduct, prosecutorial misconduct, illegal and outright an abuse of power.

I am seeking your intervention on these improprieties. AUSA Siegel and Gibaldi had the temerity to call a witness by the name of Kerry (sic), so-called "special Agent" whom testified that she was in the monitor room, listening and watching the trial, when she was a trial witness for the Government. Gibaldi and Siegel allowed this prosecutorial misconduct to occur. Whether, inadvertently or intentionally is a violation of my rights and definitely misconduct that cannot go undetected.

I will submit to you that when you carefully listen to the recorded-tape-- you will see for yourself--such recorded tapes had nothing to do with no conspiracy, Robbery or weapon/brandishing charge. In fact, I was not aware before or during, that a crime was even in process or that unlawful acts would take place. Mere association does not make me guilty of any crimes, and there were no 'meeting of the minds' with any conspirators, that I would be in on any robberies, ever. This was done because I would not cooperate and commit perjury for the Government, when I initially was Writ to the Federal System from the State prison on February 17, 2021.

Please see letters-complaints, filed to the court on my (pro-se) motion in limine and to Hon. Garland, in which I complained to the Attorney General, Garland about what Mr. Siegel and Gibaldi was doing unlawfully on this case, prior to trial. I am awaiting Hon. Dearie's decision and order on my (2) two motions on Rule 29 & 33, any day now, in which I challenged: Double Jeopardy, Multiplicity, (on the first and second count of the indictment); Duplicity, (on the first count of the indictment) Vindictiveness; quash of third-party subpoenas; suppression of recorded-tapes; defects to the indictment and insufficiency of the evidence on all (3) three counts. These issues have not been addressed and Hon. Dearie promised to "defer" these issue to be decided at a later time?

I further seek for you to investigate how the phone records were actually subpoenaed or retrieved from D.O.C.C.S., [Department Correctional community Services] and whether such records were actually forward to the correct third-party, i.e..., D.O.C.C.S. or securis, whom store data and phone records? And whether the phone records were properly sought, based upon relevancy & materiality or from the Federal Magistrate with proper authorizations, and if there were any affidavit(s) supporting the subpoena?

Likewise, Mr. Siegel and Gibaldi committed further 'prosecutorial misconduct', subsequent to trial, at an evidentiary-hearing, when it was 'newly discovered' how a Government witness-- by the name of Kerry (sic)-- testified that she was in the 'monitor room' in room 13(c) during trial but BEFORE she provided her trial testimony. This was not only unethical misconduct, but this was an unfair advantage the Government had on the defense. Ms. Kerry, a so-called 'special FBI Agent' was not suppose to be in the monitor room during trial because Mr. Siegel and Gibaldi AUSA, knew they were calling her as a witness for the trial. You may find this testimony on the evidentiary-hearing minutes, where I was granted a hearing to determine whether my right under the 6th Amendment to a 'public trial' were violated...and whether spectators, media, family and friends 1st Amendment Right were violated as well.

I am aware that in certain case's the appellate process should take its course, but this is outright fraud and abuse of power before the court. And, if not investigated would warrant a 'miscarriage of justice'. I am innocent of these fraudulent charges filed against me. You are my only recourse of intervention to investigate at this juncture and see that the Eastern District [AUSA's] remain ethical and never be allowed to impose false charges on anyone with impunity. Simply put, I have sought to elect my right to remain silent and proceed to trial and Gibaldi and Siegel emerged with 'vindictiveness' and 'prosecutorial misconduct'1., at its worse. I am pleading with you to thoroughly view my allegations that can be supported by the court records, i.e., trial transcript, evidentiary-hearing minutes, third-party subpoenas, affidavits in support of warrants or subpoena(s) for DOCCS phone-records, etc.

# Rashawn Mcmillan

---

    This is the United States of America and I trust that my Statutory, Constitutional and Fundamental Rights will be respected at all cost; I expect no less from my Country and Government officials elected or voted into office to be that overseer and punish those AUSA's that fall short of its obligations to respect and follow the letter of the law, without misrepresenting what our Bill of Rights and Constitution stand for: integrity, fairness and due process for all.

    Thank you for entertaining and thoroughly investigating this matter. I am confident and positive that I would be vindicated.

---

1. In Hamic V. Bailey, that court clearly indicated the following: "Prosecutorial misconduct occurs "not only where the prosecution uses perjured testimony to support its case, but also where it uses evidence which it knows creates a false impression of material fact". It is respectfully sought that this administration thoroughly investigate this matter to not only promote justice, but to assure that this trickery and fraud upon the court (and to Defense) never occur again on your watch.

                                                                            /S/

                                                         Lamonte Johnson

C: File
D.O.J., United States Attorney General, Hon. Merrick Garland
Hon. Raymond J. Dearie.
wife- [served to your office].

Exhibit 3
5/18/22

# Rashawn Mcmillan

| | |
|---|---|
| **From:** | JOHNSON LAMONTE (83878053) |
| **Sent Date:** | Wednesday, May 18, 2022 8:09 PM |
| **To:** | babyray211@aol.com |
| **Subject:** | attorney and client communications |

Dear Mr. Montgomery & White, Esq.:

   Is there any way that the family and friends can attend they are highly upset that they are not allowed to attend the public forum of my trial. thanks.



2022 JUN 28  PM 5: 21

CLERK
U.S. DISTRICT COURT
E.D.N.Y.

Honorable Judge Dearie

Honorable
Judge Dearie

